**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **STATE OF NEW JERSEY** | 10-CV-6620-WJM |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **JOHN DOE,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court upon Defendant John Doe's filing of a

motion to reopen his claim pursuant to Federal Rule of Civil Procedure 60(b) to allow

him to amend his notice of removal. This Court scheduled a hearing on the motion for

March 29, 2011 and duly notified Doe. Doe did not appear.

This Court construes Doe's *pro se* pleading liberally. *See Morse v. Lower Merion*

*Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1989). Doe formerly sought to remove two actions,

both of which involved traffic citations, and both of which were heard in municipal

courts in the State of New Jersey and had been decided against him. This Court, acting

*sua sponte*, determined that it lacked subject matter jurisdiction to hear the removed

actions and that review of the actions was further barred by the *Rooker-Feldman* doctrine.

*See generally State of New Jersey v. Doe*, No. 10-6620 (D.N.J. Feb. 16, 2011) (Order

Den. Req. Removal). Doe now requests that the Court allow him to amend his notice of

removal in order to make clear that the bases for his claims are 42 U.S.C. § 3789d(c)(3)

and a consent decree entered into on December 30, 1999 in *United States of America v. State of New Jersey*, No. 99-5970 (D.N.J. 1999) (the "Consent Decree").

This was clear to the Court from his previous filing, and it did not change the Court's decision. Neither the consent decree nor Section 3789d(c)(3) creates a private right of action. That is, Doe cannot sue to enforce either. Section § 3789d(c)(3) only allows the Attorney General of the United States to bring an action. *Id.* ("Whenever *the Attorney General* has reason to believe that a State government or unit of local government has engaged in or is engaging in a pattern or practice in violation of the provisions of this section, *the Attorney General may bring a civil action* in an appropriate United States district court.") (emphasis added). And according to Paragraph 128 of the Consent Decree, only the parties to that agreement – the United States, the State of New Jersey, and the Division of State Police, New Jersey Department of Law and Public Safety – may enforce it. *See* The Consent Decree, 45 ("The Consent Decree is enforceable only by the parties."); *see also White v. Williams*, 179 F. Supp. 2d 405, 414 (D.N.J. 2002) (referring to Consent Decree from *United States of America v. State of New Jersey* and holding that "[t]he Consent Decree can only be enforced by the [United States] DOJ."). Thus, even if this Court allowed Doe to make the requested amendment, it would not change the outcome because Doe cannot state claims under the laws he has cited; the amendment would be futile. And so this Court will not vacate its prior judgment and reopen the case. *See, e.g.*, *In re Nazi Era Cases Against German Defendants Litig.*, 236 F.R.D. 231, 239 (D.N.J. 2006) (holding court need not grant relief under Rule 60 where requested relief would be futile) *aff'd* 240 F. App'x 980 (3d Cir.

2007); *Merrifield v. U.S.*, No. 07-987, 2009 WL 1916328, at \*3 (D.N.J. June 30, 2009) (same).

Despite the unavailability of a private right of action under either the Consent Decree or Section 3789d(c)(3), Doe could conceivably bring claims under other federal laws. But even if Doe were able to find an appropriate private right of action, this Court would not be able to review the underlying state court cases that Doe sought to remove in the first place. Whether this Court has subject matter jurisdiction to hear an action depends on the allegations of the underlying complaint or equivalent document. While an individual who is a defendant in one case can file a new case arising under federal law in a federal court, a defendant cannot create federal subject matter jurisdiction to hear state court cases about traffic citations by adding federal counterclaims to a notice of removal. *See, e.g.*, *New Jersey Division of Youth and Family Services v. Rijova*, No. 10-3745, 2010 WL 2990127, at \*1 (D.N.J. July 27, 2010) (holding that for purposes of determining 28 U.S.C. § 1331 jurisdiction, federal question must appear on face of complaint unaided by answer, counterclaim, or petition for removal).

For the foregoing reasons and for good cause shown;

**IT IS** on this 31st day of March 2011, hereby,

**ORDERED** that Defendant's motion to reopen is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**